UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARLOS BAEZ,<br><br>                    Plaintiff,<br><br>          -against-<br><br>THE UNITED STATES OF AMERICA;<br>JOHN DOE BUREAU OF PRISONERS<br>OFFICERS 1-10,<br><br>                    Defendants. | 1:26-CV-0778 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Carlos Baez, who is currently incarcerated in the Federal Correctional Institution in Ray Brook, New York ("FCI Ray Brook"), brings this *pro se* action asserting claims for damages and alleging that the defendants committed acts of negligence and violated his federal constitutional rights all while he was incarcerated in the federal Metropolitan Detention Center in Brooklyn, New York ("MDC Brooklyn"). He sues: (1) the United States of America; and (2) unidentified "John Doe Bureau of Prisons Officers 1-10." Plaintiff specifies that he sues the United States of America under the Federal Tort Claims Act ("FTCA") and that he sues the unidentified individual "John Doe" defendants in their individual capacities. (ECF 1, at 1.) Thus, the Court understands Plaintiff's complaint as asserting claims against the United States of America under the FTCA and claims against the unidentified individual "John Doe" defendants under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

**DISCUSSION**

The applicable venue provision for Plaintiff's claims under *Bivens* is found at 28 U.S.C.

§ 1391(b). Under that provision, unless otherwise provided by law, a federal civil action must be

brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For venue purposes, a "natural person" resides in the judicial district where

the person is domiciled, and any other "entity with the capacity to sue and be sued," if a

defendant, resides in any judicial district where it is subject to personal jurisdiction with respect

to the civil action in question. § 1391(c)(1), (2).

With respect to claims under the FTCA, they must be brought "in the judicial district

where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C.

§ 1402(b).

Plaintiff alleges that he resides in Ray Brook, New York, apparently, at FCI Ray Brook.

(ECF 1, at 1.) Ray Brook is in Essex County, New York, within the Northern District of New

York, not this judicial district.[1] *See* 28 U.S.C. § 112(a). He does not allege where any of the

individual defendants reside.

---

[1] Plaintiff also alleges that he resides within this judicial district or will reside within this judicial district upon his release from prison. (ECF 1, at 2.) This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. *See* 28 U.S.C. § 112(b).

2

Because Plaintiff does not allege where any of the individual defendants reside, it is unclear whether, under Section 1391(b)(1), this court is a proper venue for Plaintiff's claims under *Bivens*. Plaintiff does allege, however, that the alleged events giving rise to his claims occurred at MDC Brooklyn (ECF 1, at 1), which is located in Kings County, New York, within the Eastern District of New York, *see* 28 U.S.C. § 112(c), not within this judicial district.[2] Thus, it is clear that, under Section 1391(b)(2), the United States District Court for the Eastern New York, and not this court, is a proper venue for Plaintiff's claims under *Bivens*.

In addition, to the extent that Plaintiff resides within this judicial district or in the Northern District of New York, under Section 1402(b), either this court or the Untied States District Court for the Northern District of New York is a proper venue for Plaintiff's claims under the FTCA. Moreover, because Plaintiff alleges that the events that are basis for his claims under the FTCA occurred at MDC Brooklyn (ECF 1, at 1), within the Eastern District of New York, under Section 1402(b), the United States District Court for the Eastern District of New York is also a proper venue for these claims.

Under 28 U.S.C. § 1404(a), even if a civil action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling

---

[2] The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. *See* § 112(c).

witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Transferring this action to the United States District Court for the Eastern District of New York, under Section 1404(a), appears to be appropriate because: (1) the underlying alleged events occurred within the Eastern District of New York (ECF 1, at 1); (2) it would appear that all of the individual defendants are employees of the Federal Bureau of Prisons who are assigned to MDC Brooklyn (*see id.* at 1-4), within that same judicial district; and (3) it is reasonable to expect that relevant documents and witnesses would be located there. The United States District Court for the Eastern District of New York, therefore, appears to be a more convenient forum for this action.

Accordingly, in the interest of justice, and because the United States District Court for the Eastern District of New York is a proper venue for all of Plaintiff's claims, the Court transfers this action to that court. *See* 28 U.S.C. § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 1404(a). Whether Plaintiff should be

permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 20, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge
